**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21500-BLOOM**

RAMIRO NAZARIO-CAMILO,

      Petitioner,

v.

MIAMI ICE FIELD OFFICE DIRECTOR,
in his official capacity as Field Office Director
of U.S. Immigration and Customs Enforcement
Miami Field Office; MARKWAYNE MULLIN,
in his official capacity as the Secretary of the U.S.
Department of Homeland Security; TODD
BLANCHE, in his official capacity as Acting
Attorney General of the United States,

      Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Ramiro Nazario-Camilo's ("Petitioner")

Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging that he has been

unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. [1].

Based on the facts in the Petition, the Court ordered Respondents[1] to show cause justifying

Petitioner's detention. *See* ECF No. [3]. Respondents timely filed a Response and acknowledged

the multitude of decisions in this district granting a bond hearing under § 1226(a) in similar

circumstances. ECF No. [5] at 2 n.2. Petitioner filed a Reply. ECF No. [6]. The Court has

considered the Petition, the Response, the Reply, the record, the applicable law, and is fully

advised.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Based on the facts of this case, the Court finds no reason to deviate from its previous reasoning and decisions. *See, e.g.*, Order Granting Petition for Writ of Habeas Corpus, *Huerta-Lopez v. Miami Ice Field Office Director, et al.*, No. 26-cv-20165-BLOOM (S.D. Fla. Mar. 23, 2026), Dkt. No. 8; Order on Petition for Writ of Habeas Corpus, *Alcocer v. Warden, Krome Service Processing Center, et al.*, No. 26-cv-20937-BLOOM, (S.D. Fla. Apr. 29, 2026), Dkt. No. 5. The Court adopts and fully incorporates its reasoning in *Huerta-Lopez* and *Alcocer.* Therefore, consistent with this Court's prior rulings and the rulings of numerous other courts,[2] the Court concludes that Petitioner is not lawfully held under 8 U.S.C. § 1225(b)(2). Thus, he is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241. The Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

---

[2] The vast majority of courts have sided against Respondents' interpretation of 8 U.S.C. §§ 1225, 1226. *See Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Fifth and Eighth Circuits agreed with Respondents' interpretation of the statutes. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Second Circuit recently issued a decision disagreeing with Respondents' interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir. Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). The Eleventh Circuit heard oral argument but has not yet ruled on the issue. *See* Oral Argument, *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065 (11th Cir. Mar. 26, 2026); Oral Argument, *Cerro Perez v. Assistant Field Office Dir., et al.*, No. 25-14075 (11th Cir. Mar. 26, 2026).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.

2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5. Petitioner may separately file a request for attorneys' fees and costs under the Equal Access to Justice Act (EAJA).

6. The Clerk of Court shall **CLOSE** this case.

7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 5, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of record

3